UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMASENA DUREEKA RIVERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-01684-JLT-CDB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Tomasena Dureeka Rivers ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on December 1, 2025, against Defendants County of Kern, State of California, Kern County Department of Human Services ("KCDHS"), California Department of Social Services ("CDSS"), KCDHS Director Lito Morillo, Program Director Valerie Rangel, and Appeals Specialist Bethany Wade (collectively, "Defendants"). (Doc. 1).

I. **Motion to Proceed *In Forma Pauperis***

Plaintiff has filed a motion to proceed *in forma pauperis* without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 2). The Court finds Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person

1

who is unable to pay such fees).

## II. Plaintiff's Allegations

Plaintiff names as Defendants County of Kern, State of California, KCDHS, CDSS, KCDHS Director Lito Morillo, Program Director Valerie Rangel, and Appeals Specialist Bethany Wade. (Doc. 1 at 1). Plaintiff brings this civil rights action under Section 1983, alleging Defendants' wrongful actions resulted in the wrongful termination of public benefits, interference with medical care, emotional distress, financial harm, and violation of her due process rights. *Id.* at 2. Plaintiff seeks damages of $100 million for medical harm, financial loss, and emotional distress, and punitive damages of $100,000.00 against individual Defendants Rangel and Wade. *Id.* at 4. Plaintiff also seeks injunctive relief requiring Defendants to implement the ALJ decision and comply with lawful orders, for grant of declaratory relief affirming her rights under the ALJ order, Section 1983, and the State of California Constitution, and for reasonable attorney's fees and costs. *Id.* The complaint is signed and dated December 1, 2025. *Id.*

Plaintiff alleges that on October 2, 2018, an administrative law judge ("ALJ") issued a lawful decision ruling that Plaintiff is in a separate household for Cal-works and CalFresh eligibility purposes. *Id.* ¶ 10. She alleges that despite the ALJ's decision, on October 31, 2018, KCDHS unlinked Plaintiff's CalFresh benefits in violation of the ALJ order. *Id.* ¶ 11. Beginning in 2018 and continuing through 2024, Plaintiff experienced Medi-Cal disruptions and denials due to Defendants' failure to implement the ALJ decision, actions of which resulted in loss of medical care, emotional distress, financial harm, and permanent physical injury. *Id.* ¶¶ 12-13. Plaintiff alleges she repeatedly sought compliance from Defendants, but they failed to follow the ALJ decision. *Id.* ¶ 14.

Plaintiff asserts five causes of action. In Claim 1, she asserts a Fourteenth Amendment due process violation under Section 1983, alleging Defendants deprived her rights to due process by failing to follow the ALJ's lawful order and that Defendants' actions were arbitrary, capricious, and caused harm to Plaintiff. *Id.* ¶¶ 16-17.

1    In Claim 2, Plaintiff asserts a Fourteenth Amendment equal protection violation under the Section 1983, alleging Defendants treated Plaintiff differently than similarly situated individuals without justification, violating her right to equal protection. *Id.* ¶ 18.

In Claim 3, she asserts a negligence/gross negligence claim, alleging Defendants owed her a duty of care to follow lawful orders and administer benefits properly, and that Defendants breached that duty, resulting in foreseeable harm, including medical disruption, financial loss, and emotional distress. *Id.* ¶¶ 20-21.

In Claim 4, she asserts a claim for intentional infliction of emotional distress, alleging Defendants' conduct was extreme and outrageous and intended to or recklessly caused severe emotional distress. *Id.* ¶ 22.

In Claim 5, she asserts a claim for failure to enforce the ALJ decision under "WIC § 10962," alleging that Defendants ignored a lawful administrative hearing order in violation of California law requiring counties to follow such decisions. *Id.* ¶ 23.

**III.    Order to Show Cause Why Action Should Not Be Dismissed as Time-Barred**

Upon preliminary review of Plaintiff's allegations, the Court finds that this action may be time-barred under the two-year statute of limitations for § 1983 claims.

The statute of limitations for § 1983 claims is based on state law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal courts in California have held that the state's statute of limitations for personal injury actions, which is two years, applies to Section 1983 claims. *Id.* (applying two-year statute of limitations to the plaintiff's breach of privacy- and confidentiality-based claims); *see* Cal. Code Civ. P. § 335.1. Accordingly, Plaintiff's § 1983 claims are subject to a two-year statute of limitations under California Code of Civil Procedure § 335.1. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *e.g.*, *A.G. v. Cnty. of Siskiyou*, No. 2:24-cv-01375-DJC-CKD, 2024 WL 4682417, at *1 (E.D. Cal. Nov. 5, 2024). Accrual of § 1983 claims is dictated by the "discovery rule" which provides that a claim has accrued "when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dept. of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017). This does not mean that a plaintiff must be aware of the full extent of the injuries for accrual to occur

3

and a plaintiff must still be "diligent in discovering the critical facts." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

Here, Plaintiff alleges that on October 31, 2018, KCDHS unlinked her CalFresh benefits in violation of an order of an Administrative Law Judge ("ALJ") rendered on October 2, 2018, on Plaintiff's eligibility to state welfare benefits. (Doc. 1 ¶¶ 10-11). She alleges that "[b]eginning in 2018 and continuing through 2024, [she] experienced Medi-Cal disruptions and denials due to Defendants' failure to implement the ALJ decision" thereby resulting in Plaintiff's alleged harm. *Id.* ¶¶ 12-13.

These allegations show that Plaintiff's claims accrued on October 31, 2018, when KCDHS unlinked her welfare benefits in violation of the ALJ's order, and therefore the two-year statute of limitations would have run well before the complaint was filed on December 1, 2025. *Gregg,* 870 F.3d at 887; Cal. Civ. Code § 335. Accordingly, Plaintiff's claims appear untimely. *See, e.g.*, *Cobb v. California*, No. 2:23-cv-00410 KJM AC PS, 2023 WL 3063245, at *3 (E.D. Cal. Apr. 24, 2023) (dismissing complaint with prejudice as time-barred under California statute of limitations where plaintiff alleged California Department of Transportation terminated his SNAP benefits "more than 16 years after his employment was terminated."); *Rogers v. City of Grover Beach*, No. 2:18-10590 PSG (ADS), 2020 WL 5868038, at *3 (C.D. Cal. Aug. 21, 2020) (recommending dismissal of all of plaintiff's § 1983 claims, including for a due process violation, as time-barred under California's two-year statute of limitations which "expire[d] two years from the time plaintiff knows or has reason to know of his injury[.]"), *report and recommendation adopted*, 2020 WL 5847302 (C.D. Cal. Sept. 29, 2020).

Although Plaintiff pleads that she "experienced Medi-Cal disruptions and denials" "through 2024," this pleading does not appear to extend the two-year statute of limitations such that her complaint filed in 2025 would be timely. That is because a claim under section 1983 "'accrues,' and the statute of limitations begins to run, '[w]hen the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Cobb*, 2023 WL 3063245, at *3 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). As noted above, Plaintiff's claim accrued on October 31, 2018, when Defendant KCDHS unlinked her welfare benefits in

1 violation of the ALJ's order, notwithstanding that she alleges suffering harm resulting from the
2 allegedly unconstitutional conduct of Defendants at various times thereafter.

3       To proceed on her claims, Plaintiff must either establish that her claims accrued at a later
4 date and/or that the limitations period for those claims should be equitably tolled. "Equitable
5 tolling under California law 'operates independently of the literal wording of the Code of Civil
6 Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental
7 practicality and fairness.'" *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v.*
8 *Centex Homes*, 31 Cal.4th 363, 370 (2003)). "Application of California's equitable tolling doctrine
9 requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the
10 effect upon the important public interest or policy expressed by the ... limitations statute." *Id.*
11 (quoting *Lantzy*, 31 Cal.4th at 371). For purposes of determining applicability of equitable tolling,
12 lower courts are directed to consider the extent to which defendant had notice of the instant claims
13 in an earlier action, prejudice to the defendant, and the plaintiff's good faith in filing the second
14 claim. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002).

15       Here, the Court acknowledges that Plaintiff's complaint includes a notice of rejection of
16 claim dated September 19, 2025, representing that the Kern County Board of Supervisors rejected
17 Plaintiff's claim submitted on August 5, 2025, and provided six (6) months from the date the notice
18 was deposited in the mail to file a court action on the claim. (Doc. 1 at 5). However, Plaintiff
19 does not address this notice letter in her complaint, nor has she alleged whether her claims are
20 tolled such to inform the Court whether any tolling statutes are applicable here. Thus, it appears
21 Plaintiff's claims are time-barred under the statute of limitations absent any indication Plaintiff is
22 entitled to equitable tolling.

23       Accordingly, the Court will order Plaintiff to show cause in writing why this action should
24 not be dismissed as time-barred.

25 **IV.**   **Conclusion and Order**

26       Accordingly, it is HEREBY ORDERED that:

27     1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED; and

28     2. Plaintiff is ordered to show cause in writing **within 21 days** from the date of service of

this order why this action should not be dismissed as time-barred.

**Any failure by Plaintiff to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute**. Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order[.]"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

Dated:   **December 4, 2025**

UNITED STATES MAGISTRATE JUDGE