UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMASENA DUREEKA RIVERS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01684-JLT-CDB<br><br>ORDER DISCHARGING DECEMBER 4, 2025, ORDER TO SHOW CAUSE<br><br>(Docs. 3, 4-8)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE AS TIME-BARRED<br><br>(Docs. 1, 3)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Tomasena Dureeka Rivers ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on December 1, 2025, against Defendants County of Kern, State of California, Kern County Department of Human Services ("KCDHS"), California Department of Social Services ("CDSS"), KCDHS Director Lito Morillo, Program Director Valerie Rangel, and Appeals Specialist Bethany Wade (collectively, "Defendants"). (Doc. 1). For the reasons set forth herein, the undersigned recommends this action be dismissed as time-barred.

## I.    Discharging Order to Show Cause (Doc. 3)

On December 4, 2025, the undersigned ordered Plaintiff to show cause ("OSC") in writing why this action should not be dismissed as time-barred. (Doc. 3). The undersigned noted in the OSC that Plaintiff's claims appear untimely under the two-year statute of limitations pursuant to

1

California Code of Civil Procedure § 335.1, and no tolling provisions appear applicable. *See id.* at 4-5. Plaintiff was ordered to file a response to the OSC within 21 days from the date of service of the order. *Id.* at 5-6.

On December 16, 2025, Plaintiff timely filed a response to the OSC. (Doc. 4). Therein, Plaintiff represents that she seeks enforcement of a unspecified court order issued on October 2, 2018, and argues that "Defendants' ongoing refusal to comply with [the order] constitutes a continuing and present violation, not a completed past act." *Id.* at 1. Plaintiff asks the Court to forbear from dismissing on timeliness grounds and permit this matter to proceed for enforcement of the aforementioned judgment. *Id.* at 2.

Thereafter, Plaintiff filed two notices of supplemental evidence in support of her response to the OSC as well as supplemental notices of "ongoing harm" and for "enforcement and relief." *See* (Docs. 4-9). In the first supplemental notice, Plaintiff represents the October 2, 2018, court order referenced in her response to the OSC is a final decision issued on that date by an administrative law judge ("ALJ") (Jodie Berger) of the State of California Department of Social Services ("CDSS"). *See* (Doc. 5). In her supplemental notices of ongoing harm, Plaintiff reaffirms that Defendants have failed and refused to fully comply with the state court order. *See* (Docs. 7, 8, 9).

In light of Plaintiff's timely response to the OSC, the Court's December 4, 2025, OSC (Doc. 3) is discharged without the imposition of sanctions. For the reasons set forth below, the undersigned will recommend this action be dismissed with prejudice because Plaintiff's claims are time-barred under the applicable statute of limitations.

## II.    **Plaintiff's Allegations**

Plaintiff names as Defendants County of Kern, State of California, KCDHS, CDSS, KCDHS Director Lito Morillo, Program Director Valerie Rangel, and Appeals Specialist Bethany Wade. (Doc. 1 at 1). Plaintiff brings this civil rights action under Section 1983, alleging Defendants' wrongful actions resulted in the wrongful termination of public benefits, interference with medical care, emotional distress, financial harm, and violation of her due process rights. *Id.* at 2. Plaintiff seeks damages of $100 million for medical harm, financial loss, and emotional

distress, and punitive damages of $100,000.00 against individual Defendants Rangel and Wade. *Id.* at 4.  Plaintiff also seeks injunctive relief requiring Defendants to implement the ALJ decision and comply with lawful orders, for grant of declaratory relief affirming her rights under the ALJ order, Section 1983, and the State of California Constitution, and for reasonable attorney's fees and costs. *Id.*  The complaint is signed and dated December 1, 2025. *Id.*

Plaintiff alleges that on October 2, 2018, an ALJ issued a lawful decision ruling that Plaintiff is in a separate household for Cal-works and CalFresh eligibility purposes. *Id.* ¶ 10.  She alleges that despite the ALJ's decision, on October 31, 2018, KCDHS unlinked Plaintiff's CalFresh benefits in violation of the ALJ order. *Id.* ¶ 11.  Beginning in 2018 and continuing through 2024, Plaintiff experienced Medi-Cal disruptions and denials due to Defendants' failure to implement the ALJ decision, actions of which resulted in loss of medical care, emotional distress, financial harm, and permanent physical injury. *Id.* ¶¶ 12-13.  Plaintiff alleges she repeatedly sought compliance from Defendants, but they failed to follow the ALJ decision. *Id.* ¶ 14.

Plaintiff asserts five causes of action.  In Claim 1, she asserts a Fourteenth Amendment due process violation under Section 1983, alleging Defendants deprived her rights to due process by failing to follow the ALJ's lawful order and that Defendants' actions were arbitrary, capricious, and caused harm to Plaintiff. *Id.* ¶¶ 16-17.  In Claim 2, Plaintiff asserts a Fourteenth Amendment equal protection violation under the Section 1983, alleging Defendants treated Plaintiff differently than similarly situated individuals without justification, violating her right to equal protection. *Id.* ¶ 18.  In Claim 3, she asserts a negligence/gross negligence claim, alleging Defendants owed her a duty of care to follow lawful orders and administer benefits properly, and that Defendants breached that duty, resulting in foreseeable harm, including medical disruption, financial loss, and emotional distress. *Id.* ¶¶ 20-21.  In Claim 4, she asserts a claim for intentional infliction of emotional distress, alleging Defendants' conduct was extreme and outrageous and intended to or recklessly caused severe emotional distress. *Id.* ¶ 22.  In Claim 5, she asserts a claim for failure to enforce the ALJ decision under "WIC § 10962," alleging that Defendants ignored a lawful

administrative hearing order in violation of California law requiring counties to follow such decisions. *Id.* ¶ 23.

### III.    Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se complaint proceeding IFP and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants);; *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming s*ua sponte* dismissal for failure to state a claim); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss IFP complaint under 28 U.S.C. § 1915(e)). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### A.    Federal Rule of Civil Procedure 8(a)

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See*, *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a pro se complaint, a court is to liberally construe the pleadings and accept as

true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, although a court accepts as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability … 'stops short of the line between the possibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Courts may deny a pro se plaintiff leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

## IV.    Discussion

Having completed a preliminary screening of Plaintiff's complaint and considering Plaintiff's representations in her responses to the OSC (Docs. 4-8), the undersigned finds that this action is time-barred under the two-year statute of limitations for the federal and state law claims advanced, and Plaintiff has not shown she is entitled to equitable tolling to enlarge the statute of limitations to state her claims.

A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint.  *See Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see also Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled").  "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc.*

*v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

The statute of limitations for § 1983 claims is based on state law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal courts in California have held that the state's statute of limitations for personal injury actions, which is two years, applies to Section 1983 claims. *Id.* (applying two-year statute of limitations to the plaintiff's breach of privacy- and confidentiality-based claims); *see* Cal. Code Civ. P. § 335.1. Accordingly, Plaintiff's § 1983 claims are subject to a two-year statute of limitations under California Code of Civil Procedure § 335.1. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *e.g.*, *A.G. v. Cnty. of Siskiyou*, No. 2:24-cv-01375-DJC-CKD, 2024 WL 4682417, at *1 (E.D. Cal. Nov. 5, 2024). Accrual of § 1983 claims is dictated by the "discovery rule" which provides that a claim has accrued "when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dept. of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017). This does not mean that a plaintiff must be aware of the full extent of the injuries for accrual to occur and a plaintiff must still be "diligent in discovering the critical facts." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

Here, Plaintiff alleges that on October 31, 2018, KCDHS unlinked her CalFresh benefits in violation of an order of an ALJ from the State of California Department of Social Services ("CDSS") rendered on October 2, 2018, on Plaintiff's eligibility to state welfare benefits. (Doc. 1 ¶¶ 10-11); *see* (Doc. 5). She alleges that "[b]eginning in 2018 and continuing through [2026], [she] experienced Medi-Cal disruptions and denials due to Defendants' failure to implement the ALJ decision" thereby resulting in Plaintiff's alleged harm. (Doc. 1 ¶¶ 12-13); *see* (Doc. 7 at 1) (alleging that "[f]rom 2018 through 2026, Defendants have failed and refused to fully comply with the [ALJ's] judgment and rulings entered in Plaintiff's favor.").

As the undersigned noted in the OSC, these allegations show that Plaintiff's claims accrued on October 31, 2018, when KCDHS unlinked her welfare benefits in violation of the ALJ's order, and therefore the two-year statute of limitations would have run well before the complaint was filed on December 1, 2025. *Gregg,* 870 F.3d at 887; Cal. Civ. Code § 335. Accordingly, Plaintiff's claims are untimely. *See, e.g.*, *Cobb v. California*, No. 2:23-cv-00410 KJM AC PS, 2023 WL

3063245, at *3 (E.D. Cal. Apr. 24, 2023) (dismissing complaint with prejudice as time-barred under California statute of limitations where plaintiff alleged California Department of Transportation terminated his SNAP benefits "more than 16 years after his employment was terminated."); *Rogers v. City of Grover Beach*, No. 2:18-10590 PSG (ADS), 2020 WL 5868038, at *3 (C.D. Cal. Aug. 21, 2020) (recommending dismissal of all of plaintiff's § 1983 claims, including for a due process violation, as time-barred under California's two-year statute of limitations which "expire[d] two years from the time plaintiff knows or has reason to know of his injury[.]"), *report and recommendation adopted*, 2020 WL 5847302 (C.D. Cal. Sept. 29, 2020).

Although Plaintiff pleads that she "experienced Medi-Cal disruptions and denials" "through 2024," this pleading does not extend the two-year statute of limitations such that her complaint filed in 2025 would be timely. That is because a claim under section 1983 "'accrues,' and the statute of limitations begins to run, '[w]hen the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Cobb*, 2023 WL 3063245, at *3 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). As noted above, Plaintiff's claim accrued on October 31, 2018, when Defendant KCDHS unlinked her welfare benefits in violation of the ALJ's order, notwithstanding that she alleges suffering harm resulting from the allegedly unconstitutional conduct of Defendants at various times thereafter.

To proceed on her claims, Plaintiff must either establish that her claims accrued at a later date and/or that the limitations period for those claims should be equitably tolled. "Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute." *Id.* (quoting *Lantzy*, 31 Cal.4th at 371). For purposes of determining applicability of equitable tolling, lower courts are directed to consider the extent to which defendant had notice of the instant claims

7

in an earlier action, prejudice to the defendant, and the plaintiff's good faith in filing the second claim. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002).

As the undersigned acknowledged in the OSC, Plaintiff's complaint includes a notice of rejection of claim dated September 19, 2025, representing that the Kern County Board of Supervisors rejected Plaintiff's claims submitted on August 5, 2025, and provided six (6) months from the date the notice was deposited in the mail to file a court action on the claim. (Doc. 1 at 5); *see* (Doc. 3 at 5). At the time of the OSC, Plaintiff did not address this notice letter in her complaint, nor did she allege whether her claims are tolled such to inform the Court whether any tolling statutes are applicable to the circumstances. Thus, it appeared Plaintiff's claims are time-barred under the statute of limitations absent any indication Plaintiff is entitled to equitable tolling. *See* (Doc. 3 at 5).

Indeed, upon review of Plaintiff's response to the OSC, including her supplemental notices in support thereof (Docs. 4-8), Plaintiff fails to show that she is entitled to equitable tolling. Plaintiff's response alleging that "Defendants have failed and refused to comply with the October 2, 2018[,] order" and that "[t]he ordered relief has not been fully implemented, and Defendants remain out of compliance to this date" confirms that Defendants' adverse decision in unlinking her benefits in violation of the ALJ's order on October 31, 2018, triggered her right to relief and thereby commenced the statute of limitations as of the date of that adverse decision. *See* (Doc. 7 at 1, 3). Nor does Plaintiff's response compellingly characterize her claim as a "continuing violation" for purposes of expanding or invoking equitable tolling principles to enlarge the statute of limitations to state her claims under § 1983. *See Flynt v. Shimazu*, 940 F.3d 457, 462 n.3 (9th Cir. 2019) ("Rather than 'one on-going violation,' a continuing violation is really 'a series of *repeated* violations.' … And '[b]ecause *each* violation gives rise to a new cause of action, each [violation] begins a new statute of limitations period as to that particular event.'") (citing *Knight v. Columbus*, 19 F.3d 579, 582 (11th Cir. 1994)) (emphases added).

Moreover, Plaintiff's reliance on *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002) for the proposition that "[w]here noncompliance persists, enforcement relief remains timely and is not barred by statute[] of limitation applicable to new causes of action[,]"

8

*see* (Doc. 4 at 1), is unfounded and unconvincing. *Morgan* addressed whether acts of workplace discrimination and retaliation that fall outside of Title VII's statutory time period for filing charges are actionable under Title VII. The court there noted that hostile environmental claims under Title VII "are different in kind" from discrete acts of workplace discrimination and involve "repeated conduct" such that a single act of harassment "may not be actionable on its own." *Morgan*, 536 U.S. at 115. Instead, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice'" under Title VII. *Id.* at 117. Thus, contrary to Plaintiff's asserted proposition, *Morgan* did not hold even generally that "[w]here noncompliance persists, enforcement relief remains timely and is not barred by statutes of limitation applicable to new causes of action." (Doc. 4 at 1). Rather, the court's reasoning in *Morgan* was linked expressly to the language of Title VII and the unique nature of the accrual of a claim for hostile work environment.

In contrast here, Plaintiff's claim—for redress based on Defendants' failure to comply with a state ALJ's order regarding a discrete act of Medi-Cal benefit disruption and denial in or about October 2018—is unlike a hostile work environment claim as Plaintiff's claim was actionable on its own without resort to separate, subsequent acts. *See Lewis v. Salazar*, No. 1:10–cv–01281–OWW–DLB, 2011 WL 3813103, at *5 (E.D. Cal. Aug. 29, 2011) (finding § 1983 claim time-barred, noting that "[t]he fact that an alleged violation of law causes continuing impacts does not warrant application of the continuing violations doctrine.") (citing *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). Therefore, Plaintiff's claim accrued in October 2018 when Defendants allegedly unlinked his benefits in violation of the ALJ order, and any subsequent failure of Defendants to implement the ALJ's order appears to reflect decisions that resulted from the implementation of that policy to unlink Medi-Cal benefits. *See Carranza v. Lewis*, No. 15-cv-00682-YGR (PR), 2017 WL 1050538, at *17 (N.D. Cal. Mar. 17, 2017) (finding continuing violation theory does not apply because plaintiff's "due process claims arise out of a series of discrete acts … [which] are 'individualized decisions that resulted from implementation of a policy' to which the continuing violation doctrine does not apply. … Therefore, the date of accrual

would be when [p]laintiff was originally validated [as a gang member] on July 28, 2009, and *not* on May 14, 2014, the day before he was found to be inactive.") (internal citations omitted).

Additionally, Plaintiff's reliance on the notion that "federal courts retain inherent and continuing authority to enforce their judgments and compel compliance through civil contempt and related sanctions[,]" *see* (Doc. 4 at 1) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947), is inapplicable here.  Plaintiff asks the Court to enforce the decision of an ALJ of the State of California, rather than a *federal court order*.  *See* (Doc. 5 at 3-7) (decision of State of California Department of Social Services ALJ Jodie Berger dated October 2, 2018). Therefore, Plaintiff has not presented a valid order of this Court for which she seeks enforcement.

Accordingly, the undersigned will recommend that this action be dismissed with prejudice as time-barred.

*Remainder of This Page Intentionally Left Blank*

**V.      Conclusion, Order, and Recommendation**

Accordingly, it is HEREBY ORDERED that:

1.  The Court's December 4, 2025, order to show cause (Doc. 3) is DISCHARGED.

And it is HEREBY RECOMMENDED that:

1.  This action (Doc. 1) be dismissed with prejudice as time-barred; and

2.  The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **January 29, 2026**

_____

UNITED STATES MAGISTRATE JUDGE