# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMASENA DUREEKA RIVERS, | Case No. 1:25-cv-01684 JLT CDB |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITH PREJUDICE AS TIME-BARRED |
| v. | |
| COUNTY OF KERN, *et al.*, | (Docs. 10, 11) |
| Defendants. | |

Tomasena Dureeka Rivers, proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on December 1, 2025, against Defendants County of Kern, State of California, Kern County Department of Human Services ("KCDHS"), California Department of Social Services, KCDHS Director Lito Morillo, Program Director Valerie Rangel, and Appeals Specialist Bethany Wade.  (Doc. 1.)

On December 4, 2025, the assigned magistrate judge ordered Plaintiff to show cause in writing why this action should not be dismissed as time-barred.  (Doc. 3.)  The magistrate judge found that Plaintiff's claims appear untimely under the two-year statute of limitations pursuant to California Code of Civil Procedure § 335.1, and no tolling provisions seem to apply.  *Id.*

After Plaintiff filed a response to the OSC and, thereafter, several notices of supplemental evidence and of ongoing harm in support thereof, on January 29, 2026, the assigned magistrate judge discharged the order to show cause, took note of Plaintiff's supplemental filings, and issued findings and

1

recommendations to dismiss this action with prejudice as time-barred under the applicable statute of limitations. (Doc. 10.)  The magistrate judge found that Plaintiff has not shown that she is entitled to equitable tolling to enlarge the statute of limitations to state her claims. *Id.* at 5.  The magistrate judge reasoned that Plaintiff's allegations show that her claims accrued on October 31, 2018, when KCDHS unlinked her welfare benefits in violation of an order from an administrative law judge of the State of California, and therefore the two-year statute of limitations would have run well before the complaint was filed on December 1, 2025. *Id.* at 6.  The magistrate judge further found that Plaintiff failed to sufficiently demonstrate that her claims constitute a "continuing violation" for purposes of expanding or invoking equitable tolling principles to enlarge the statute of limitations to state her claims under Section 1983. *Id.* at 8.  On February 2, 2026, Plaintiff timely filed objections to the findings and recommendations.  (Doc. 11.)

According to the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and by proper analysis. Plaintiff's objections are not responsive to the time-bar issue.  She fails to cite any authority showing that her claims are continuing violations such that the claims are not barred by the applicable statute of limitations. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on January 29, 2026 (Doc. 10) are **ADOPTED** in full.

2. This action (Doc. 1) is **DISMISSED** with prejudice as time barred.

3. The Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:   **February 5, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE